UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JUAN RIVERA, | ) | 3:15CV1389 |
| | ) | |
| Petitioner | ) | |
| | ) | JUDGE DONALD NUGENT |
| v. | ) | (Mag. Judge Kenneth S. McHargh) |
| | ) | |
| JASON BUNTING, | ) | |
| Warden, | ) | |
| | ) | |
| Respondent | ) | REPORT AND |
| | ) | RECOMMENDATION |

McHARGH, MAG. JUDGE

This 28 U.S.C. § 2254 petition is before the magistrate judge pursuant to Local Rule 72.2(b)(2). Before the court is the petition of Juan Rivera ("Rivera") for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The petitioner is in the custody of the Ohio Department of Rehabilitation and Correction pursuant to journal entry of sentence in the case of State of Ohio v. Rivera, Case No. G-4801-CR-0200502482-000 (Lucas County Sept. 1, 2006 ). (Doc. 11, RX 4, 9.) For the following reasons, the magistrate judge recommends that the petition be denied.

The petitioner Rivera has filed a petition pro se for a writ of habeas corpus, arising out of his 2005 conviction for two counts of rape and two counts of gross sexual imposition, in the Lucas County (Ohio) Court of Common Pleas. (Doc. 1.) The petition alleges that his convictions were based on an "Alford" guilty plea. (Doc. 1, at 5.) In his petition, Rivera raises seven grounds for relief:

1.  Trial and appellate counsel rendered ineffective assistance by failing to raise the grounds within this writ in violation of the Sixth Amendment to the United States Constitution.

2.   Trial and appellate counsel rendered ineffective assistance by failing to allow petitioner finality due to improper imposition of post-release control in violation of the Fourth, Sixth and Fourteenth Amendment[s] to the United States Constitution.

3.  Trial and appellate counsel rendered ineffective assistance by failing to raise findings issues for a first time offender in violation of the Fourth, Sixth and Fourteenth Amendment[s] to the United States Constitution.

4.  Trial and appellate counsel rendered ineffective assistance by failing to raise findings issues for consecutive terms in violation of the Fourth, Sixth and Fourteenth Amendment[s] to the United States Constitution .

5.  Trial and appellate counsel rendered ineffective assistance by failing to raise the lack of an understanding of the nature of the charges in violation of the Fourth, Sixth and Fourteenth Amendment[s] to the United States Constitution.

6. Appellate counsel rendered ineffective assistance by failing to raise the issue that petitioner had already completed the terms ordered by the trial court in violation of the Fourth, Sixth and Fourteenth Amendment[s] to the United States Constitution.

7. Appellate counsel rendered ineffective assistance by failing to raise the issue that the alleged crime occurred in another county in violation of the Fourth, Sixth and Fourteenth Amendment[s] to the United States Constitution.

(Doc. 1, § 12.)

The respondent has filed a Return of Writ (doc. 11), and Rivera has filed a Traverse (doc. 14).

I.  PROCEDURAL BACKGROUND

The Ohio Court of Appeals provided the following procedural background:

> Appellant, Juan Rivera, was charged with 12 counts of rape and six counts of gross sexual imposition.  In a plea agreement, appellant pled guilty to two of the counts of rape and two of the counts of gross sexual imposition.  On each count of gross sexual imposition, appellant was sentenced to concurrent one year terms.  Appellant was sentenced to seven year terms, to be served consecutively, for each rape count.  The gross sexual imposition sentences were to be served concurrently with the rape sentences.  In total, appellant was sentenced to 14 years in prison.

(Doc. 11, RX 8, at 2; State v. Rivera, No. L-05-1356, 2006 WL 1719769, at *1 (Ohio Ct. App. June 23, 2006).)

Rivera filed at least four post-conviction relief petitions, and at least five motions related to his conviction and sentence.  This procedural history is detailed in the Return of Writ (doc. 11, at 3-11), and will not be repeated here.

Relevant to the arguments presented by the parties here are the following: On Jan. 14, 2011, Rivera filed a motion to vacate his sentence (doc. 11, RX 30), claiming that the trial court failed to properly notify him of the duration of his post-release control.  The trial court denied the motion to vacate (RX 38), but scheduled a hearing for the limited purpose to advise Rivera of his post-release control requirements consistent with the holding of State v. Fischer.[1]  On Dec. 2, 2011,

---

[1] In Fischer, the Supreme Court of Ohio held that "when a judge fails to impose statutorily mandated post-release control as part of a defendant's sentence, that part of the sentence that was void must be set aside."  State v. Fischer, 128 Ohio St.3d 92, 942 N.E.2d 332 (2010)(syllabus).

3

Taylor was re-sentenced to a total period of incarceration of fourteen years, was advised of his appellate rights, and was advised of the terms of mandatory post-release control. (RX 39).

Rivera appealed the Dec. 2, 2011, resentencing judgment, arguing that the trial court erred in accepting his Alford plea. The court of appeals held that the claim was barred under the doctrine of res judicata. (Doc. 11, RX 44; State v. Rivera, No. L-12-1040, 991 N.E.2d 275, 277 (Ohio Ct. App. Apr. 19, 2013).) The Supreme Court of Ohio denied Rivera's subsequent motion for leave to file a delayed appeal. (Doc. 11, RX 47; State v. Rivera, 136 Ohio St.3d 1472, 993 N.E.2d 777 (2013).)

Rivera filed a motion to vacate and set aside sentence on March 4, 2013. (Doc. 11, RX 48.) The trial court denied the motion, but scheduled another Fischer resentencing hearing to impose a proper, mandatory period of post-release control concerning certain counts. (RX 50.) On July 11, 2013, Taylor was re-sentenced to a total period of incarceration of fourteen years, was advised of his appellate rights, and was advised of the proper terms of mandatory post-release control. (RX 51, journalized on Sept. 13, 2013.)

Rivera filed an appeal of that judgment, arguing, inter alia, that the resentencing was void because it was not journalized within thirty days. The court of appeals rejected his assignment of error. (Doc. 11, RX 57; State v. Rivera, No. L-13-1177, 2014 WL 2854189 (Ohio Ct. App. June 20, 2014).) The Supreme Court of

Ohio declined to accept jurisdiction of his subsequent appeal. (RX 61; State v. Rivera, 140 Ohio St. 3d 1455, 17 N.E.3d 600 (2014).)

## II. HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus. Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court. The Supreme Court, in Williams v. Taylor, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13 (2002). See also Lorraine v. Coyle, 291 F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set

forth in [Supreme Court] cases." Williams, 529 U.S. at 405. See also Price v. Vincent, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect. Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law. Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

Rivera has filed his petition pro se. The pleadings of a petition drafted by a pro se litigant are held to less stringent standards than formal pleadings drafted by lawyers, and will be liberally construed. Urbina v. Thoms, 270 F.3d 292, 295 (6th Cir. 2001) (citing Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972) (per curiam)). Other than that, no special treatment is afforded litigants who decide to proceed pro se. McNeil v. United States, 508 U.S. 106, 113 (1993) (strict adherence to procedural requirements); Jourdan v. Jabe, 951 F.2d 108 (6th Cir. 1991); Brock v. Hendershott, 840 F.2d 339, 343 (6th Cir. 1988).

### III. STATUTE OF LIMITATIONS

The respondent argues that Rivera's petition is barred as untimely filed. ([Doc. 11](), at 13-14.)

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) requires a state prisoner seeking a federal writ of habeas corpus to file his petition within one year after his state conviction has become "final." Carey v. Saffold, 536 U.S.

214, 216 (2002) (citing 28 U.S.C. § 2244(d)(1)(A)). The conviction becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Thus, the one-year statute of limitations does not begin to run until all direct criminal appeals in the state system are concluded, followed by either completion or denial of certiorari before the United States Supreme Court, or the expiration of the time allowed (90 days) for filing for certiorari. Clay v. United States, 537 U.S. 522, 528 n.3 (2003); Anderson v. Litscher, 281 F.3d 672, 675 (7th Cir. 2002); Williams v. Artuz, 237 F.3d 147, 151 (2d Cir. 2001), cert. denied, 534 U.S. 924 (2001) (citing cases). A habeas petitioner filing for collateral relief does not benefit from the 90 day certiorari period. Lawrence v. Florida, 549 U.S. 327 (2007) (interpreting 28 U.S.C. § 2244(d)(2)).

The one-year limitations period for a claim that challenges a resentencing judgment begins on the date that the resentencing judgment becomes final, rather than the date that the original conviction became final. Rashad v. Lafler, 675 F.3d 564, 568-569 (6th Cir. 2012); Bachman v. Bagley, 487 F.3d 979, 982 (6th Cir. 2007); Frazier v. Moore, No. 2:05CV1112, 2006 WL 3146436, at *7 (S.D. Ohio Oct.31, 2006), aff'd, 2007 WL 3037256 (6th Cir. Oct. 17, 2007).

Previously, the Sixth Circuit had held that the beginning of the one-year statute of limitations period was based on the content of the petitioner's claims. Bachman, 487 F.3d at 984. However, this is no longer the case.

The Sixth Circuit recently confirmed that, where a conviction has been affirmed, but there is separate direct review of a new sentence imposed at resentencing, "the new judgment becomes final after direct review of the new sentence." Rashad, 675 F.3d at 568 (citing Burton v. Stewart, 549 U.S. 147 (2007) (per curiam)). Based on the reasoning in Burton, "a habeas petitioner who files his first or sole habeas petition after he is resentenced may properly include all claims from the underlying conviction in that petition, since his criminal case did not end, thereby triggering the statute of limitations clock, until sentencing was completed." Coats v. Sheldon, No. 3:11CV1017, 2012 WL 7037778, at *7 (N.D. Ohio Aug. 20, 2012) (discussing Burton); see also Rashad, 675 F.3d at 568 (limitations period not yet started where direct review of resentencing not complete); Johnson v. Warden, Lebanon Corr. Inst., No. 1:09CV336, 2010 WL 2889056, at *6 (S.D. Ohio June 23, 2010) (limitations period does not begin until both conviction and sentence become final ) (quoting Burton, 549 U.S. at 156-157).

## A. Respondent's Argument

Respondent argues that Rivera's conviction became final with the expiration of time for direct review of his conviction and 2006 resentencing. Rivera was resentenced on his conviction on Sept. 1, 2006. (Doc.11, RX 9.) Under Ohio law, Rivera had 30 days within which to file his direct appeal after the date of sentencing. Ohio R. App. P. 4(A). Since he did not file a timely direct appeal, his conviction became final 30 days after the journal entry of sentencing on Sept. 1,

2006. (Doc. 11, RX 9.) The statute began to run on Oct. 1, 2006, and expired one year later. See, e.g., Keeling v. Warden, 673 F.3d 452, 459-460 (6th Cir. 2012), cert. denied, 133 S.Ct. 141 (2012); Goodballet v. Mack, 266 F.Supp.2d 702, 705 (N.D. Ohio 2003). Thus, Rivera's petition filed on July 13, 2015, should be considered untimely. 28 U.S.C. § 2244(d)(1)(A).

The limitations period is tolled while "properly filed" state post-conviction or collateral proceedings are pending. Souter v. Jones, 395 F.3d 577, 585 (6th Cir. 2005); Searcy v. Carter, 246 F.3d 515, 517-518 (6th Cir.), cert. denied, 534 U.S. 905 (2001); 28 U.S.C. § 2244(d)(2). Although filing a collateral motion may toll the running of a pending, unexpired one-year limitations period, Souter, 395 F.3d at 585, it will not "revive" the statute, nor cause it to begin running anew. Hill v. Randle, No. 00-4168, 2001 WL 1450711, at *2 (6th Cir. Nov. 7, 2001); Searcy, 246 F.3d at 519; Leon v. Bradshaw, No. 1:05CV875, 2006 WL 1624430, at *4 (N.D. Ohio June 6, 2006).

Rivera filed a motion for leave to file a delayed appeal on Oct. 6, 2011. (Doc. 11, RX 10.) The state court of appeals found that Rivera had not set forth sufficient reasons for the five-year delay in filing a notice of appeal, and denied his motion for leave. (Doc. 11, RX 14, at 3.) However, the respondent contends that the habeas statute of limitations had expired in October 2007. Thus, Rivera's untimely motion for leave to file a delayed appeal would not revive the statute, and his habeas petition should be considered untimely.

9

### B.  Petitioner's Argument

In his traverse, Rivera asserts that a judgment does not become final until the sentence is imposed.  He contends that his sentence did not become final until the second Fischer resentencing took place.  He argues that his habeas petition was subsequently filed within the one-year limitations period.  (Doc. 14, at 3.)

Although Rivera does not refer to the specific journal entry, it appears that he is referencing the Sept. 11, 2013, judgment entry of resentencing.  (Doc. 11, RX 51.)  (Rivera had previously been resentenced pursuant to Fischer on December 2, 2011.  (Doc. 11, RX 39.))

### C.  Sixth Circuit's Mackey Decision

The Sixth Circuit has rejected a similar argument in Mackey v. Warden, Lebanon Corr. Inst.  In Mackey, the petitioner contended his de novo resentencing under Fischer was the correct starting point for the habeas statute of limitations in his case.  Mackey v. Warden, Lebanon Corr. Inst., No. 11-3267, 2013 WL 1908890, at *5 (6th Cir. May 9, 2013) (per curiam), cert. denied, 134 S.Ct. 438 (2013).

The Sixth Circuit found that the state court was only able to resentence the defendant to impose post-release controls, which was an issue of state law.  Mackey, 2013 WL 1908890, at *5.  Insofar as determining the federal habeas statute of limitations, that resentencing did not affect the calculation of the relevant one-year period of time for the habeas grounds for relief.  Mackey, 2013 WL 1908890, at *5;

Falkenstein v. Kelly, No. 1:14CV1629, 2015 WL 3824369, at *14-*15 (N.D. Ohio June 19, 2015).

The Sixth Circuit distinguished Mackey from its decision in Rashad v. Lafler, supra, in that the defendant in Mackey obtained a de novo sentencing only to remedy a technical error in his sentence. Mackey, 2013 WL 1908890, at *6 (discussing Rashad, 675 F.3d at 566-567). This court has stated that: "Restarting the AEDPA statute of limitations after a resentencing to correct technical sentencing errors – errors without federal constitutional ramification – would undermine the provisions of the AEDPA and resurrect claims that could have been raised years earlier." Alford v. Goodrich, No. 1:12CV2931, 2014 WL 359996, at *10 (N.D. Ohio Jan. 31, 2014).

Thus, in light of Mackey, the court finds the respondent's argument to be well-founded and finds that Rivera's petition filed on July 13, 2015, should be considered untimely, and dismissed.

### D. Equitable Tolling

Rivera argues that equitable tolling should be invoked to allow him to overcome any time-barred issues. (Doc. 14, at 1.)

The Supreme Court has held that the habeas statute of limitations may be subject to equitable tolling in appropriate cases. Holland v. Florida, 560 U.S. 631 (2010). However, Rivera bears the burden of persuading the court that he is

11

entitled to equitable tolling. Connolly v. Howes, No. 04-2075, 2008 WL 5378012, at *4 (6th Cir. Dec. 23, 2008); Griffin v. Rogers, 308 F.3d 647, 653 (6th Cir. 2002); Day v. Konteh, No. 1:08CV0212, 2009 WL 3321388, at *10 (N.D. Ohio Oct. 13, 2009). A petitioner may claim actual innocence for purposes of equitable tolling, even if his conviction was the result of a plea. Connolly, 2008 WL 5378012, at *4.

The Sixth Circuit has allowed for equitable tolling based on actual innocence under certain limited and extraordinary circumstances. McSwain v. Davis, No. 06-1920, 2008 WL 2744640 (6th Cir. July 15, 2008), cert. denied, 557 U.S. 919 (2009); Souter, 395 F.3d at 597-599; see also McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013) (tenable actual innocence claims rare). In Souter, the petitioner was able to point to new evidence, unavailable at the time of his trial, supporting a credible claim of actual innocence. See, e.g., Souter, 395 F.3d at 583-584. The threshold inquiry was whether the new facts raised sufficient doubt about the petitioner's guilt to undermine confidence in his conviction. Souter, 395 F.3d at 590 (quoting *Schlup v. Delo*, 513 U.S. 298, 317 (1995).) Souter stated:

> To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." [Schlup, 513 U.S. at 327]. The [Supreme] Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." Schlup, 513 U.S. at 324, 115 S.Ct. 851. The Court counseled however, that

> the actual innocence exception should "remain rare" and "only be
> applied in the 'extraordinary case.' " Id. at 321, 115 S.Ct. 851.

Souter, 395 F.3d at 590; see also McQuiggin, 133 S. Ct. at 1928; Maag v. Konteh, No. 3:05CV1574, 2006 WL 2457820, at *1 (N.D. Ohio Aug. 23, 2006).

It is Rivera's burden to show that this is "one of those extraordinary cases where a credible claim of actual innocence has been established by new evidence." McSwain, 2008 WL 2744640. To support his claim of equitable tolling, Rivera must present "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." Schlup, 513 U.S. at 324; Souter, 395 F.3d at 590. These examples were not meant to be an exhaustive list. Souter, 395 F.3d at 593 n.8.

The Supreme Court has emphasized that "the Schlup standard is demanding and permits review only in the 'extraordinary' case." House v. Bell, 547 U.S. 518, 538 (2006) (citing Schlup, 513 U.S. at 327); see also McQuiggin, 133 S. Ct. at 1928; Connolly, 208 WL 5378012, at *4. To demonstrate the actual innocence that would allow a court to consider a time-barred constitutional claim, a habeas petitioner must present "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error[.]" Connolly, 208 WL 5378012, at *4 (quoting Schlup, 513 U.S. at 316).

As respondent points out (doc. 11, at 17), Rivera points to no new evidence to support his claim of innocence; he merely asserts that "he has maintained his


innocence throughout this case." (Doc. 14, at 5.) The court finds that Rivera has failed to carry his burden to establish that equitable tolling could apply.

## SUMMARY

The petition for a writ of habeas corpus should be denied as untimely filed. The habeas statute of limitations expired on Oct. 1, 2007, and Rivera's petition filed on July 13, 2015, was untimely.

## RECOMMENDATION

The petition for a writ of habeas corpus should be denied.

Dated:  July 14, 2016  /s/ Kenneth S. McHargh
Kenneth S. McHargh
United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).