# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| JUAN RIVERA | ) | CASE NO. 3:15CV1389 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| vs. | ) | |
| | ) | |
| | ) | |
| JASON BUNTING, WARDEN | ) | MEMORANDUM OPINION |
| | ) | |
| Respondent. | ) | |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge Kenneth S. McHargh. The Report and Recommendation (ECF #15), submitted on July 15, 2016, is hereby ADOPTED by this Court. As such, Petitioner's 28 U.S.C. § 2254 habeas corpus petition (ECF # 1) is DENIED.

### Procedural and Factual Background

On July 15, 2005, the Lucas County Grand Jury issued an indictment charging Petitioner with 12 counts of rape and six counts of gross sexual imposition. (ECF # 11-1, p. 8-18). On October 3, 2005, Petitioner pled guilty to two counts of rape and two counts of gross sexual imposition. (Id. at 20-21). On November 2, 2005, the Lucas County Common Pleas Court sentenced Petitioner to 14 years in prison. (Id. at 22-23). On November 18, 2005, Petitioner filed a Notice of Appeal and

appealed his sentence to the Sixth District Court of Appeals. (Id. at 24). On appeal, the Sixth District remanded Petitioner's case back to Lucas County for re-sentencing since the trial court had relied on facts not admitted by Petitioner during sentencing. (Id. at 53-56). At re-sentencing, the trial court again sentenced Petitioner to 14 years in prison. (Id. at 57-58).

Petitioner has filed a total of five petitions for post-conviction relief. Two of these petitions, the two most relevant to the current habeas motion, have resulted in re-sentencings where the trial court advised Petitioner of his post-release control requirements in accordance with *State v. Fischer*, 128 Ohio St.3d 92, 942 N.E.2d 332 (2010). Petitioner filed the first of these motions on January 14, 2011, where Petitioner argued that the trial court failed to properly notify him of the duration of his post-release control. (ECF # 11-1, p. 209-211). Additionally, using the same arguments, on February 2, 2011, Petitioner filed a motion for withdrawal of his guilty plea. (Id. at 223). The Lucas County Court of Common Pleas denied Petitioner's motion to withdraw his plea, but held a hearing to advise Petitioner of his post-release control requirements in accordance with *Fischer*. (ECF # 11-2, p. 73). On December 2, 2011, the trial court re-sentenced Petitioner to 14 years in prison. (Id. at 75).

Petitioner filed the second relevant motion to vacate on March 4, 2013, arguing that the trial court's imposition of post-control conditions was incorrect under *Fischer*, and also alleging ineffective assistance of counsel . (Id. at 136). The trial court denied Petitioner's motion, but again scheduled a *Fischer* hearing to impose proper post-release control conditions. (ECF # 11-3, p. 19). On July 11, 2013, the trial court again re-sentenced Petitioner to 14 years in prison. (Id. at 21-22).The Supreme Court of Ohio declined to accept jurisdiction of Petitioner's appeal from this re-sentencing. (Id. at 97).

On July 13, 2014, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. §

2254. (ECF # 1). This petition raises seven claims as grounds for relief:

1) Trial and appellate counsel rendered ineffective assistance by failing to raise the grounds within this writ in violation of the Sixth Amendment to the United States Constitution.
2) Trial and appellate counsel rendered ineffective assistance by failing to allow petitioner finality due to improper imposition of post-release control in violation of the Fourth, Sixth and Fourteenth Amendment[s] to the United States Constitution.
3) Trial and appellate counsel rendered ineffective assistance by failing to raise findings issues for a first time offender in violation of the Fourth, Sixth and Fourteenth Amendment[s] to the United States Constitution.
4) Trial and appellate counsel rendered ineffective assistance by failing to raise findings issues for consecutive terms in violation of the Fourth, Sixth and Fourteenth Amendment[s] to the United States Constitution .
5) Trial and appellate counsel rendered ineffective assistance by failing to raise the lack of an understanding of the nature of the charges in violation of the Fourth, Sixth and Fourteenth Amendment[s] to the United States Constitution.
6) Appellate counsel rendered ineffective assistance by failing to raise the issue that petitioner had already completed the terms ordered by the trial court in violation of the Fourth, Sixth and Fourteenth Amendment[s] to the United States Constitution.
7) Appellate counsel rendered ineffective assistance by failing to raise the issue that the alleged crime occurred in another county in violation of the Fourth, Sixth and Fourteenth Amendment[s] to the United States Constitution.

Pursuant to 28 U.S.C. § 636 and Local Rule 72.2, this matter was referred to Magistrate Judge McHargh for the preparation of a report and recommendation. Magistrate Judge McHargh issued his Report and Recommendation on July 15, 2016, recommending that Petitioner's Writ of Habeas Corpus be denied as untimely filed and barred by the statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996. Objections to the Report and Recommendation were to be filed within 14 days of service. This Court granted Petitioner's motion for an extension of time to file objections, but after more than 30 days, no objections were filed.

**Standard of Review for a Magistrate Judge's Report and Recommendation**

The applicable district court standard of review for a magistrate's report and recommendation depends upon whether objections were made to that report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case de novo. FED. R. CIV. P. 72(b)(3) provides this standard of review. It states, in pertinent part, the following:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

The text of Rule 72(b)(3) addresses only the review of portions of reports to which timely objections have been made; it does not indicate the appropriate standard of review for portions of the report to which no objections have properly been made. The Advisory Committee on Civil Rules commented on the standard of review stating "when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's notes (citations omitted). "It does not appear that Congress intended to require district court review of magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to these findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

## Conclusion

The Court has reviewed the Report and Recommendation, considering all of the pleadings, affidavits, motions and filings of the parties de novo, and agrees with the findings therein. The Report and Recommendation of Magistrate Judge McHargh (ECF # 15) is ADOPTED. Petitioner's 28 U.S.C. § 2254 habeas corpus petition (ECF # 1) is DENIED.

## Certificate of Appealability

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. For the reasons thoroughly discussed in the Magistrate Judge's Report and Recommendation, a reasonable jurist could not

conclude that this Court's assessment of Petitioner's claim is debatable or wrong. Accordingly, the Court declines to issue a certificate of appealability.

      IT IS SO ORDERED.

                                                        /s/Donald C. Nugent
                                                       DONALD C. NUGENT
                                                       United States District Judge

DATED:   November 10, 2016